UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and ANNE M. SIOTKA,

    Plaintiffs,

v.

PLAZA RESORTS INC., et al.,

    Defendants.

_____/

CASE NO. 9:12-CV-81238-KAM

### CONSENT ORDER GRANTING PERMANENT INJUNCTIVE RELIEF

**THIS MATTER** having been brought before the Court by Plaintiffs Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") and Anne M. Siotka, and

**WHEREAS**, Plaintiffs and Defendants Plaza Resorts, Inc. and Caribbean Cruise Line, Inc. (collectively, "Settling Defendants") seek permanent resolution of this matter; and

**WHEREAS**, Settling Defendants have consented to the entry of this Permanent Injunction for the purposes of avoiding further costly litigation, without admitting to any liability or wrongdoing, and by denying the allegations set forth in the Amended Complaint; and

**WHEREAS**, the parties have agreed to the entry of this Consent Order Granting Permanent Injunctive Relief; it is

**ORDERED**:

1. Settling Defendants, and anyone while acting on their behalf, including their officers, directors, employees, and those persons in active concert or participation with those who receive

NJ 227992125v4

actual or constructive notice of this Order,[1] are hereby permanently enjoined from knowingly making a call, or knowingly contracting with another to make a call, to any cellular telephone number assigned to a Verizon Wireless cellular telephone customer through the use of an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice, in violation of the Telephone Consumer Protective Act ("TCPA").[2]

2. Any acts in violation of this Order may be considered in, and prosecuted as in, contempt of this Court.

3. The Court maintains jurisdiction over this Consent Order.

**DONE** in Chambers at West Palm Beach, Palm Beach County, Florida this 15th day of September, 2014.

Hon. KENNETH A. MARRA
United States District Judge

---

1. The inclusion of categories of persons/entities who may be considered to be acting "on behalf of" Settling Defendants is not in any way intended to expand the scope of liability under the Telephone Consumer Protection Act. In addition, a lead generator (whether a person or entity) who/that is not affiliated with or related corporately, organizationally, or through like or overlapping principals, officers or directors to Settling Defendants, but who/that truly is an unaffiliated third party from whom Settling Defendants buy leads, is not considered to be part of any enumerated enjoined category described in Paragraph 1.

2. Settling Defendants are not precluded from making calls, or contracting with others to make calls, which are not in violation of the TCPA or where an exception under the TCPA is applicable, such as the receipt of consent, the making of telephone calls without the use of an ATDS and/or artificial or prerecorded voice, noncommercial calls, or any other exception as provided by law.

NJ 227992125v4